FILED
DISTRICT OF WYOMING
U.S. DISTRICT COURT
JUL 16 2018
U.S. MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

---

UNITED STATES OF AMERICA,

Plaintiff,

vs.

SANJEEV ARORA,

Defendant.

Case No.: 1:17-cv-00584-SWS-MLC

---

### ORDER ON DEFENDANT'S FIRST MOTON TO COMPEL

---

This matter comes before this Court on Defendant's First Motion to Compel. In accordance with this Court's direction, the parties conducted an informal telephone conference with the Court on March 19, 2018. Defendant was granted leave to file its motion to compel. This matter concerns the Plaintiff's exercise of its deliberative process privilege regarding two memorandums referred hereto as the "May 20 memo" [Doc. 22-2] and the "June 12 Memo" [Doc. 22-3].

**Background and Facts**

Defendant is citizen of the United States who maintained financial assets in India. The United States contends he willfully failed to report those assets for income tax purposes, and imposed on Defendant a financial penalty of approximately $6.7 million, which was upheld by the

IRS's office of appeals in 2015. The two memos at issue relate to the 2015 decision on that appeal.

Defendant asserts a number of arguments as to why the privilege should not be applicable in this matter. Defendant initially argues that the United States failed to follow appropriate procedural requirements for the assertion of the privilege because the United States did not provide a declaration or affidavit establishing personal consideration prior to the assertion of the privilege. Defendant also asserts that the subject memos did not contribute to the formation of important public policies, and thus are not entitled to the privilege. Finally, Defendant questions whether the June 12 memo was pre-decisional, as required for application of the deliberative privilege.

## Law and Discussion

Assertion of Privilege

Defendant contends that to properly assert the deliberative process privilege, the United States must comply with the following procedural requirements:

1. Assertion of the privilege, after personal consideration, by declaration or affidavit of the agency head with control over the requested document or by one to whom such authority has been delegated;
2. A statement with particularity of what information is subject to the privilege; and
3. A statement of precise and certain reasons for maintaining the confidentiality of the requested document.

*Confidential Informant 59-05071 v. United States*, 108 Fed.Cl. 121, 131 (2012). Subsequent to the filing of the motion to compel, Plaintiff complied with the above procedure [Doc. 23-1 & 23-2]. In *Confidential Informant*, the Court of Federal Claims held that the procedural requirements should be satisfied at the time of the initial claim of privilege and not in response to a motion to

compel. *Confidential Informant 59-05071 v. United States*, 108 Fed.Cl. at 135. The Federal Claims Court relied upon *Anderson v. Marion County Sheriff's Dept.*, 220 F.R.D. 555, ftn.5 (S.D. Ind. 2004), which held that the deliberative process privilege was inapplicable when the plaintiff files a Title VII claim of discrimination in which the intent of the government is at issue. *Id.* at 560. "If the plaintiff's cause of action is directed at the government's intent, however, it makes no sense to permit the government to use the privilege as a shield. For instance, it seems rather obvious to us that the privilege has no place in a Title VII action or in a constitutional claim for discrimination." *Id.* at 560, quoting *In re Subpoena Duces Tecum Served on the Office of the Comptroller of the Currency*, 145 F.3d 1422, 1424 (D.C. Cir. 1998). It was only after the court had determined that the privilege was inapplicable that the court analyzed the affidavit and found it deficient. The court further noted, in dicta, that any statement or affidavit should be supplied at the time of the initial assertion of the privilege. The *Anderson* court relied upon *Miller v. Pancucci*, 141 F.R.D. 292, 300 (C.D. Cal. 1992) which in turn relied upon *Kerr v. U.S. Dist. Court for Northern Dist. Of California*, 511 F.2d 192 (9th Cir. 1975). In *Miller* the court was addressing the "official information" privilege and held that it must be asserted by affidavit at the time of its assertion. In *Kerr* the court was considering the application of the official or state secrets privilege in a civil rights action. The *Kerr* court noted that no representative of the impacted governmental agency had asserted the privilege before the court and having not been invoked it could not be considered. In doing so the court relied upon *U.S. v. Reynolds*, 345 U.S. 1, 7-8, 73 S.Ct. 528, 532, 97 L.Ed. 727, (1953). *Kerr* does not require the production of such statements or affidavits at the

time of the initial assertion of the privilege[1]. The same is true in *Reynolds* which also addressed a governmental privilege of state secrets. While these cases continue to create controversy as to who may assert the privilege,[2] they do not support Defendant's contention that the assertion of the deliberative process privilege must be by an agency official at the time of the response to the discovery request.

The bottom line is that the idea that a statement by an agency official must be provided upon the initial assertion of the deliberative process privilege finds little support in the courts, and where it does appear, it has grown out of a tortured reading of precedents. It is not supported by any decision within this Circuit or by the Supreme Court. To hold that the United States has waived this privilege is not supported by binding law or common sense. It is unclear to this Court if the deliberative process privilege must be asserted by an agency official, rather than counsel handling the case. There is logic in requiring the agency to consider the application of the state secrets privilege, as that can only be determined by consideration of the information sought to be protected in light of the agencies knowledge of the importance of the information. The deliberative process, at least in the circumstances presented herein, can properly be determined by trial counsel. Regardless of who asserts the privilege, to require a contemporaneous affidavit alongside the initial exercise of the privilege seems to be creating a procedural trap which avoids thoughtful consideration of the nature of the information sought to be protected. Courts have a number of tools to address potential abuses regarding the exercise of the privilege, including *in*

---

[1] *Kerr*, appears to recognize that the privilege may be asserted following the assertion of the privilege. *Id.* at 198-99.
[2] A good discussion on this matter can be found in *Proper Assertion of the Deliberative Process Privilege: The Agency Head Requirement*, 77 Fordham L. Rev. 1183 (2008).

4

*camera* review, where appropriate. Nevertheless, Plaintiff has presented an affidavit supporting the exercise of the privilege in response to Defendant's motion to compel [Docs. 23-1 & 23-2]. In the context of this case the United States has presented sufficient information for this Court's determination as to the applicability of the privilege to the memos in question.

This Court has reviewed the two redacted memos at issue. The nature of the redactions are similar in both memos. The deliberative process privilege does not apply to facts, but rather "advisory opinions, recommendations, and the deliberations" of the governmental decision process. *Dep't of the Interior v. Klamath Water Users Protective Assoc.* 532 U.S. 1, 8-9, 121 S.Ct.1060, 1065 (2001). The United States only redacted portions of the memos, including the section entitled "Settlement Discussions", "Hazards for the Taxpayer", "Hazards for the Government", "Appeals Conclusion and Settlement Recommendations", "Exam Mitigated Penalties", "Settlement Offer Rejected", and "Review and Concurrence". These titles are consistent with the Government's claim of a deliberative process privilege, especially when considered in light of the substantial portions of the memos which were not redacted. Richard G. Goldman, Deputy Associate Chief Counsel in the Office of Chief Counsel, Internal Revenue Service, submitted a declaration to which he asserts that was delegated the authority to claim the deliberative process privilege. Mr. Goldman asserts that the redactions "consists of and reflects the respective legal analysis of the author and internal reviewer as to the merits of, and their personal assessments of the strengths, weaknesses, in any litigation hazards associated with, the position to uphold the willful failure to file" [Doc. 23-2, ¶ 10]. This Court did not locate any information in the record that was inconsistent with that statement.

The deliberative process privilege applies only to information which is predecisional. *NLRB v. Sears*, 421 U.S. 132, 151, 95 S.Ct 1504, 1516-1517 (1975). Defendant has a legitimate concern in this regard because the June 12 Memo corresponds to the same date as the issuance of the decision [Doc. 22-3, p. 1]. The Declarations of Greg Butler [Doc.23-1. ¶¶ 3-6] and Richard Goldman [Doc. 23-2, ¶ 8] are unrefuted and as such will be accepted by the Court. The nature and form of the memo also supports the declarations in this regard. Both memos are pre-decisional and as such fall within the deliberative process privilege.

Finally, Defendant asserts that the privilege is only applicable to the formulation of important public policy.

> So far as they might matter here, those privileges include the privilege for attorney work-product and what is sometimes called the "deliberative process" privilege. Work product protects "mental processes of the attorney," *United States v. Nobles*, 422 U.S. 225, 238, 95 S.Ct. 2160, 45 L.Ed.2d 141 (1975), while deliberative process covers "documents reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated," *Sears, Roebuck & Co.*, 421 U.S., at 150, 95 S.Ct. 1504 (internal quotation marks omitted). The deliberative process privilege rests on the obvious realization that officials will not communicate candidly among themselves if each remark is a potential item of discovery and front page news, and its object is to enhance "the quality of agency decisions," *id.*, at 151, 95 S.Ct. 1504, by protecting open and frank discussion among those who make them within the Government, see *EPA v. Mink*, 410 U.S. 73, 86-87, 93 S.Ct. 827, 35 L.Ed.2d 119 (1973); see also *Weber Aircraft Corp., supra*, at 802, 104 S.Ct. 1488.

Dep't of Interior v. Klamath Water Users Protective Ass'n, 532 U.S. 1, 8–9, 121 S. Ct. 1060, 1065–66, 149 L. Ed. 2d 87 (2001).

Neither the Supreme Court nor the Tenth Circuit Court of Appeals has ever limited the deliberative process privilege to the formation of important governmental policy. Defendant

reads the cases he cites too narrowly. For example, in *Petroleum Information Corp. v. U.S. Det. of Interior*, 976 F.2d 1429 (D.C.C. 1992) future Justice Ginsburg attempted to explain the limitations of the deliberative process privilege within the context of a Freedom of Information Act request. She distinguished between factual investigations which compile facts which lack subjective conclusions and those matters which bear on policy-oriented judgment in which it is important to promote the frank discussion of "legal and policy making processes" *Id.* at 1434. Our inquiry whether the agency has plausibly demonstrated the involvement of a policy judgment in the decisional process relevant to the requested documents serves a further, complementary purpose; it enables us to contain Exemption 5 within its proper scope. The release of materials that do not embody agency judgments-for example, materials relating to standard or routine computations or measurements over which the agency has no significant discretion-is unlikely to diminish officials' candor or otherwise injure the quality of agency decisions. Requiring disclosure of such materials is fully "consistent with efficient government operation." *See* S.Rep. 813 at 9. *Petroleum Information Corp. v. U.S. Det. of Interior*, 976 F.2d at 1436.

The decision of the IRS in this matter involves the exercise of policy judgment. The purely factual findings and decisional standards are not redacted. Decisions of this nature are application of agency policy and serve as a public statement of that policy. As such, the deliberative processes in formulating such decisions are privileged.

Defendant's Motion to Compel is DENIED.

Dated this 16th day of June, 2018

_____
Mark L. Carman
United States Magistrate Judge

